Mark L. Knutson, Esq. (SBN 131770)
**Law Offices of Mark L. Knutson, APC**
400 Lantern Crest Way, Unit 326
Santee, CA 92071
(619) 733-1014
mlk@knutson-law.com

*Attorneys for Plaintiffs*,
ORION POWER HOLDINGS US, LLC
AMERICAN LOGISTIC MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION POWER HOLDINGS US, LLC, a Delaware limited liability company; AMERICAN LOGISTIC MANAGEMENT, LLC, a Delaware limited liability company,<br><br>*Plaintiffs*,<br><br>v.<br><br>HANSEL ORION BAILEY, an Individual; and DOES 1-10, Inclusive,<br><br>*Defendants*. | Case No.:<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1) **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**<br>2) **CONSTRUCTIVE FRAUD**<br>3) **VIOLATIONS OF PENAL CODE 496(c)**<br>4) **BREACH OF FIDUCIARY DUTY**<br>5) **CONVERSION**<br>6) **TORTIOUS INTERFERENCE WITH A CONTRACT**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Mark L. Knutson, Esq. (SBN 131770)
Law Offices of Mark L. Knutson, APC
400 Lantern Crest Way, Unit 326
Santee, CA 92071

Plaintiffs ORION POWER HOLDINGS US, LLC and AMERICAN LOGISTIC MANAGEMENT, LLC hereby bring this Verified Complaint against Defendant HANSEL ORION BAILEY as follows:

**INTRODUCTION**

1. This action arises from a calculated and egregious scheme of corporate misconduct perpetrated by Defendant Hansel Bailey, the former Chairman, Manager, and CEO of Plaintiff Orion Power Holdings US, LLC ("Plaintiff, "Orion Power," or the "Company").

2. Orion Power is a clean-energy company focused on converting waste into valuable fuels using proprietary, emissions-minimizing technology. Since its inception in 2023, Orion Power has raised millions in capital through the pre-sale of tax credits, positioning itself to launch a transformative waste-to-energy facility in Alton, Illinois.

3. Yet, rather than fulfill his fiduciary obligations to steward the Company's assets, Defendant Bailey embarked on a months-long pattern of self-dealing, misappropriation, and obstruction. Orion Power's internal investigation has uncovered that Defendant diverted over $6 million of Company funds for personal gain—using the money to pay family debts, finance luxury purchases, and support a lavish lifestyle. Defendant concealed these activities by refusing to open proper Company bank accounts, instead housing funds in opaque entities under his control.

4. The misconduct did not end with his removal. After being ousted from all Company leadership positions on July 22, 2025, by a majority vote, the Defendant actively interfered with critical business relationships, including the Company's chief engineering partner, and obstructed the Company's construction operations at its flagship Illinois site. Defendant's actions have disrupted operations, compromised key vendor relationships, and imperiled the Company's future.

5. Through this Complaint, Plaintiffs seeks to hold Defendant accountable for violations of California law, including statutory theft under Penal Code § 496(c), conversion, constructive fraud, breach of fiduciary duty, and tortious interference with contractual relations. Plaintiff seeks compensatory and punitive damages, treble damages where permitted, and all other relief just and proper to redress the serious harm caused by Defendant's misconduct.

6.  Plaintiffs also seek an injunction against further solicitation and/or interference by Defendant of the Company's critical investors, vendors, contractors, and employees, under common law tortious interference with contract damage.

7.  Plaintiffs also seek an Ex Parte Temporary Restraining Order directed at Chase Bank to freeze its own assets and funds, located in its company-owned bank account but subject to the exclusive control of the Defendant.

## THE PARTIES

8.  Plaintiff, ORION POWER HOLDINGS US, LLC ("Orion Power") is a Delaware limited liability company organized under the laws of the State of Delaware.

9.  Plaintiff, AMERICAN LOGISTIC MANAGEMENT, LLC ("ALM") (formerly, Orion Bailey, LLC) is a Delaware limited liability company organized under the laws of the State of Delaware.

10. Defendant, HANSEL BAILEY ("Defendant"), is an individual residing in Orange County, in the State of California.

11. Plaintiffs are currently unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

12. Plaintiffs further alleges that each of the defendants designated herein as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Plaintiff as herein alleged. Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and capacities of such defendants when the same have been ascertained.

13. Plaintiffs are informed and believes, and based thereon alleges, that at all times herein mentioned, each of the defendants, including those named as Does, was the agent, servant, employee, partner, joint venturer, or co-conspirator of each of the other defendants, and was at all

Mark L. Knutson, Esq. (SBN 131770)
Law Offices of Mark L. Knutson, APC
400 Lantern Crest Way, Unit 326
Santee, CA 92071

times acting within the course and scope of said agency, service, employment, partnership, joint venture, or conspiracy, and that each defendant has ratified and approved the acts of each of the remaining defendants.

## JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff, ORION POWER HOLDINGS US, LLC, is a Delaware limited liability company with its principal place of business in Delaware. Plaintiff, AMERICAN LOGISTIC MANAGEMENT, LLC, is a Delaware limited liability company with its principal place of business in Delaware. Defendant, HANSEL BAILEY, is an individual residing in the State of California.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district. Defendant's actions, including the misappropriation of funds and interference with the Plaintiffs' business operations, took place within the State of California. Additionally, the Plaintiffs' business operations and the harm suffered by the Plaintiffs occurred in this district, making it a convenient forum for the resolution of this dispute.

## FACTUAL ALLEGATIONS

16. Orion Power is an energy company, formed in 2023 by Christopher Chung, that provides a variety of services related to power generation and energy management. The Company focuses on helping businesses, particularly commercial and industrial clients, manage their energy costs and navigate deregulated energy markets.

17. Orion Power is America's first above-ground clean oil extraction facility. Orion Power utilizes a patented, time-tested depolymerization technology refined over three decades across 47 operational systems. Orion Power converts diverse waste streams, including biomass and tires, into high value commodities with exceptional efficiency and near zero emissions.

18. Over the past decade, reliance on foreign oil cost the US an estimated $1.64 trillion. Orion Power offers a powerful alternative, transforming domestic waste into essential fuels and materials.

19. Orion Power is currently deploying capital and establishing its flagship waste to energy plant in Alton, Illinois.

20. Defendant, Hansel Orion Bailey, was the former Chairman of Orion Power from the formation date April 2023 until July 22, 2025.

21. Since the Company's inception, most of the officers and directors of the Company have not been receiving a paycheck since the Company is awaiting proper funding.

### *The Company's Funds Disappear at the Hands of Defendant*

22. In 2024, the Company's initial capital came from pre-selling tax credits awarded to the Company for the operation of its machines, which turn waste into certain types of fuels.

23. The Company sold its tax credits to investors in return for approximately $25 million. The Company, to date, has only received $11 million of the $25 million owed: as investors are releasing the funds in tranches. The first $2.5 million was received on or around April 4, 2025. The second $2.5 million was received on or around April 9, 2025. $6 million was received on or around June 20, 2025. The next tranche of $14 million is on hold because of Defendant's conduct.

24. On July 16, 2025, the Company emailed Defendant a letter of concern regarding missing monies and provided Defendant with seven days to respond. Defendant responded by "terminating" the Chief Legal Officer and the Vice President of Operations.

25. On July 22, 2025, Orion voted to remove Defendant as Chairman, Manager, and CEO as a result of an internal investigation which revealed that Defendant had been misappropriating millions of dollars of Company funds.

26. The Company's internal investigation further revealed a web of complicated embezzlement schemes and family intermingling that stretched for months prior to the Company's discovery:

   a. In June of 2025, the Company uncovered that Defendant's son Matthew Bailey ("Matthew") had embezzled more than $150,000 of Company funds

       housed in a bank account controlled by Orion Bailey, LLC, a Company Defendant called his "Family Business." Further, that Matthew had tried to extort over $10 million from Defendant until his demands were met.

  b. Defendant had been paying family debts with Company money, including to Matthew and his wife and offering to put up $1 million towards the purchase of their new home.

  c. Nearly $11 million in tax credits, which were the Company's funds, were supposed to be deposited into a Company-controlled bank account. However, nearly $6 million is unaccounted for and the Company believes that all most of it has been spent on personal expenses for Defendant. A review of Company credit card and bank accounts shows that many of the expenditures by Defendant were for things such as hair-plug surgeries, dental veneers, significant retail shopping purchases, and significant credit card payments in the name of Defendant and his family members.

  d. Additional unauthorized and unscrupulous expenditures include paying mortgages and office space leasing costs for Defendant's acquaintances.

27. A portion of the Defendant's unauthorized expenditures, which in full would be too numerous to include here, have been attached and incorporated hereto as **Exhibit A**. Some examples of Defendant's lavish person expenditure include, but are not limited to:

  a. Between April 10, 2025, and April 30, 2025, the Defendant spent approximately $10,000 on hair restoration surgery;

  b. On April 28, 2025, the Defendant spent $23,599 on cosmetic dental surgery;

  c. Between January 29, 2025, and June 11, 2025, the Defendant spent over $380,000 on Electric Ecological Cars International, Inc. for unknown and unsubstantiated reasons; and

  d. Between August 2024 and May 2025, the Defendant withdrew nearly $250,000 in cash from the Company's account for unknown and unsubstantiated reasons.

28. To date, the Company cannot account for over $6 million of the $11 million received from pre-selling the Company's tax credits.

29. Upon information and believe, the Defendant has funded and continues to fund a luxurious lifestyle with the Company's assets.

30. Defendant sought to and did wrangle control of Company monies in various, known and unknown accounts.

31. The trouble is that Defendant took concerted efforts to hide where Company money was kept; he housed Company money, and other funds, in a separate entity's bank accounts, such as Orion Bailey, LLC, a Delaware limited liability company.

32. The Company's leadership, on numerous occasions, advised Defendant to open a proper bank account under the Company's name, but the Defendant refused as that would have required Company's officers and directors' access to the Company accounts.

### *Defendant's Post-Removal Conduct and Tortious Interference*

33. Defendant has access to information known only to officers and directors of the Company, and particularly information pertaining to the Company's vendors and customers for its products and services.

34. After the Company voted to remove the Defendant as Chairman, Manager, and CEO he began interfering with the Company's vendors and contractors.

35. Specifically, the Company purchased a plot of land in Alton, Illinois where the Company is building out several of its waste-to-energy machines. Defendant sent an associate there to disrupt the Company's business operations—advising the contractors working on the job site that Company officers had been terminated and that they should report to the Defendant's associate.

36. A Company officer is currently receiving harassing and intimidating messages from Defendant's associate.

37. More detrimental, however, is the fact that the Defendant has interfered with the Company's lifeline, Mr. Abdul Latif Mahjoob ("Mr. Mahjoob")—the engineering contractor and patent holder of the very machines on which the Company's business model is based.

Mark L. Knutson, Esq. (SBN 131770)
Law Offices of Mark L. Knutson, APC
400 Lantern Crest Way, Unit 326
Santee, CA 92071

38. Mr. Mahjoob's company is under contract with the Company to build out all of its critical and proprietary machinery—including at the job site in Alton, Illinois.

39. On July 23, 2025, the Company received a letter from Mr. Mahjoob, where he explained:

> As you are aware, I have been working directly with Mr. Orion Bailey for the past four years on his initiative to develop a waste tire-to-liquid fuel enterprise. During that period, he was collaborating with Mr. Christopher Choung, who is no longer affiliated with the company. Mr. Bailey and I entered into a formal agreement outlining our cooperation, specifically for securing project funding. It now appears that Orion Power, Inc. has begun to receive such funding, and we are currently progressing with the first plant in Alton, Illinois.
>
> ***<u>Throughout this partnership, all communication and coordination have been conducted solely through Mr. Bailey or individuals he has expressly designated. Last week, I received written notification from Mr. Bailey that your services have been terminated, and he has instructed me not to engage with you further</u>***. In compliance with that instruction, I have directed all ARTI staff to refrain from any communication with you regarding Orion Power matters.
>
> Please understand that ARTI is legally bound to uphold the terms of our signed agreements and cannot alter our position unless directed to do so by a court of law. We are not in a position to involve ourselves in internal disputes or personal matters between business partners.
>
> Accordingly, I respectfully request that you refrain from visiting our offices or contacting ARTI in relation to Orion Power business. Until your status is clarified and we receive written authorization from Mr. Bailey permitting us to resume communication with you, we will not respond to further inquiries.
>
> **Exhibit B** (Emphasis added).

40. Mr. Mahjoob's company, American Renewable Technologies, Inc. ("ARTI") contracted with the Company long ago and Defendant has no authority or right to interfere with the Company's critical vendors to solicit ARTI for his own dealings.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

41. Orion Power is a company that provides services related to power generation and energy management, focusing on assisting commercial and industrial clients in managing energy costs and navigating deregulated energy markets.

42. Defendant was the former Chairman, Manager, and CEO of Orion Power.

43. Approximately $6 million is unaccounted for, and the Company believes most has been spent by Defendant on his personal and unauthorized expenses.

44. Defendant has been misappropriating millions of dollars in Company funds and subjecting the Company to potential liability for his actions.

45. Defendant executed a scheme to embezzle and divert Company assets, including:

   a. Paying family debts, including offering to put up $1 million for a new home for himself and his wife and his son and wife;

   b. Making unauthorized expenditures from Company accounts, including spending on hair-plug surgeries, dental veneers, significant retail purchases, and paying off credit cards in the Defendant's and his family's names; and

   c. Paying mortgages and office leases for acquaintances of the Defendant without authorization.

46. Defendant deliberately concealed the location of Company funds by holding money in accounts controlled by other entities, such as Plaintiff ALM (formerly Orion Bailey, LLC), and refused to establish proper Company accounts accessible to officers and directors.

47. After his removal as Chairman, Manager, and CEO Defendant interfered with the Company's business relationships by:

   a. Sending an associate to a Company job site in Alton, Illinois to disrupt operations, falsely advising contractors that Company officers had been terminated and instructing them to report to his associate.

   b. Instructing the Company's critical vendor and contractor, American Renewable Technologies, Inc. ("ARTI"), and its principal, Mr. Abdul Latif

Mark L. Knutson, Esq. (SBN 131770)
Law Offices of Mark L. Knutson, APC
400 Lantern Crest Way, Unit 326
Santee, CA 92071

Mahjoob, to cease all communications with Orion Power and to interact solely with Defendant's designee, thereby interfering with existing contractual obligations critical to Plaintiff's business.

48. Defendant refused multiple requests by Company leadership to open proper bank accounts in the Company's name to allow access and transparency, evidencing an intent to deprive Orion Power of its assets and obstruct normal business oversight.

49. These acts constitute unfair and deceptive trade practices as they involved:

   a. Unlawful conduct, including embezzlement, theft, and conversion of corporate assets;
   b. Unfair conduct, substantially injurious to Orion Power and contrary to public policy;
   c. Fraudulent conduct, including schemes to conceal misappropriated funds and mislead officers, directors, employees, vendors, and contractors regarding the status and control of the Company and its assets.

50. As a direct and proximate result of Defendant's acts, Orion Power has suffered monetary loss, including but not limited to, at least $6 million in lost or misappropriated company funds and business disruption due to Defendant's interference.

51. Orion Power is entitled to relief as prayed, including but not limited to compensatory damages, special damages, restitution, and such other and further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
## CONSTRUCTIVE FRAUD

*All Plaintiffs Against All Defendants*

52. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth

herein.

53. A fiduciary and/or confidential relationship existed between the Company and Defendant by virtue of Defendant's role as Chairman, Manager, and CEO and his control over Company funds and operations as well as by virtue of being a Member of ALM.

54. Defendant, while acting in a fiduciary capacity, engaged in a pattern of self-dealing, mismanagement, misappropriation, and concealment of Company assets and funds for his personal benefit and in breach of his duties to Plaintiffs.

55. Specifically, Defendant:

    a. Misappropriated millions of dollars of Company funds and subjected the Company to potential liability through his conduct.

    b. Permitted and/or directed Company funds to be used for personal expenses, including luxury items, cosmetic procedures, retail shopping, and settling family debts.

    c. Was involved in or enabled embezzlement by family members and facilitated schemes involving Company assets.

    d. Placed substantial portions of Company funds in accounts not controlled by the Company and concealed the location of Company monies.

    e. Refused multiple requests from Company leadership to open proper Company bank accounts under Company control, thereby impeding transparency and accountability.

    f. Funded a "luxurious lifestyle" with Company assets and failed to account for over $6 million from Company finances.

56. Plaintiffs were unaware of Defendant's misconduct and trusted Defendant to act in its best interests by virtue of his fiduciary positions.

57. Plaintiffs relied on Defendant to act with the utmost good faith and loyalty towards the Plaintiffs in the performance of his duties, including safeguarding and properly using Plaintiffs' funds.

VERIFIED COMPLAINT – ORION POWER HOLDINGS US, LLC v. HANSEL BAILEY, *et al.*

58. As a direct and proximate result of Defendant's breaches and misconduct, Plaintiffs have suffered financial losses, including the disappearance of at least $6 million in Company funds, disruption to business operations, interference with critical vendors and contractors, and other consequential damages.

59. Plaintiffs seek compensatory, special, and general damages according to proof at trial, restitution of wrongfully taken funds, punitive and exemplary damages where allowed by law, and such other relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF
## THEFT UNDER PENAL CODE 496(c)

60. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

61. Orion Power is a company that operates in the energy sector and manages significant company funds in California.

62. Defendant is an individual residing in California and was, at all relevant times, the former Chairman, Manager, and CEO of Orion Power.

63. The Company received approximately $11 million from the pre-sale of tax credits intended for Company use.

64. Defendant knowingly received, concealed, and withheld funds belonging to the Company by diverting and holding Company funds in bank accounts controlled by himself or entities he controlled, such as Plaintiff ALM (formerly Orion Bailey, LLC), rather than in Company-controlled accounts, despite repeated requests from Company leadership to open proper accounts under the Company's name.

65. Defendant used Company funds for his own personal purposes and the benefit of his family and acquaintances, without authorization or consent from Orion Power, including, but not limited to:

    a. Paying family debts and offering to contribute toward personal real estate purchases;

      b.    Spending on personal expenses such as hair-plug surgeries, dental veneers, luxury retail purchases, and significant credit card payments for himself and family members;

      c.    Paying mortgages and office space leases for acquaintances;

      d.    Facilitating or permitting family members (including his son) to embezzle funds from Company accounts.

66. As a result of Defendant's conduct, approximately $6 million is unaccounted for and believed to have been spent for Defendant's personal benefit.

67. Upon Orion Power's discovery and Defendant's removal as Chairman, Defendant took further steps to conceal, withhold, and control Company funds in various accounts, including those not directly accessible to Plaintiff and refused to identify the true location of these assets.

68. Defendant's acts were knowing, intentional, and in conscious disregard of Orion Power's rights, as evidenced by the deliberate use of personal or affiliated entities' accounts, the refusal to comply with Company directions regarding company banking, and the concealment of funds and ongoing interference with company operations.

69. As a direct and proximate result of Defendant's conduct, Orion Power has suffered damages in an amount no less than $6 million (the missing company funds), in addition to other consequential and special damages according to proof.

70. Orion Power is entitled to recover treble damages and attorneys' fees as permitted by California Penal Code § 496(a)-(c) and as specifically alleged in the Complaint.

## FOURTH CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

71. Orion Power incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

72. At all relevant times, Defendant was the former Chairman, Manager, and CEO of Orion Power, and by virtue of this position owed fiduciary duties of loyalty, honesty, full disclosure, good faith, and fair dealing in all matters relating to the Company and its assets.

73. Defendant's fiduciary duties included, but were not limited to, the obligation to act in the best interests of Plaintiff, not to misappropriate Company funds or use Company assets for personal benefit, and to avoid self-dealing and conflicts of interest.

74. Defendant breached his fiduciary duties to Orion Power by, among other acts, (a) misappropriating millions of dollars of Company funds for personal and family benefit; (b) causing or allowing family members to embezzle in excess of $150,000 from a Company bank account; (c) using Company money to pay family debts, provide gifts, and finance personal purchases, including expensive surgeries, retail shopping, and mortgage payments for acquaintances; (d) concealing the nature and location of Company assets by keeping funds in accounts controlled solely by Defendant and/or other entities; and (e) refusing to provide proper access to Company-controlled accounts, despite repeated requests from Company leadership.

75. As a direct and proximate result of Defendant's breach of fiduciary duties, Orion Power has suffered damages including, but not limited to, the loss of over $6 million in Company funds, payment of unauthorized personal and family expenses, disruption of business operations, and harm to Company relationships with critical vendors and contractors.

76. Orion Power seeks an award of compensatory and special damages, restitution, punitive and exemplary damages as permitted by law, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
## CONVERSION

77. Orion Power incorporates herein by reference all preceding paragraphs of this Complaint as though fully set forth herein.

78. Orion Power is the rightful owner of the Company's funds, including proceeds from the pre-sale of tax credits in the approximate sum of $11 million received from investors, which funds were to be deposited into Company-controlled bank accounts for business purposes.

79. Defendant, while acting as Chairman, Manager, and CEO of the Company, unlawfully and without authorization exercised control and dominion over Company funds by:

a. Housing Company funds in accounts not controlled by the Company, including accounts in the name of Plaintiff ALM (formerly Orion Bailey, LLC and other entities.

b. Using Company funds for personal expenditures, including but not limited to payment of family debts, contributions toward the home purchase of family members, substantial retail purchases, personal medical expenses such as hair-plug surgeries and dental veneers, significant credit card payments in the names of Defendant and family members, and paying for mortgages and leasing costs for acquaintances.

c. Refusing to open a proper Company bank account as directed by Company leadership, thereby denying the Company access to and control over its funds.

d. Taking concerted efforts to hide and obscure locations of Company funds after his removal, including wrangling control of Company monies in various known and unknown accounts.

80. As a direct and proximate result of Defendant's wrongful exercise of dominion over the Company's funds, Orion Power has suffered injury, including the inability to account for and/or loss of over $6 million of the $11 million received by the Company from pre-selling tax credits, and depletion of Company assets necessary for its operations.

81. Defendant's unauthorized expenditures and misappropriation of Company funds are numerous, with further details attached and incorporated as **Exhibit A** to this Complaint.

82. Orion Power seeks compensatory, special, general, restitution, punitive, exemplary, and treble damages, attorneys' fees, costs, and any further relief the Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE WITH COMPANY CONTRACTS

83. Orion Power incorporates by reference all preceding paragraphs as though fully set forth herein.

84. Orion Power is a company engaged in development and operation of waste-to-energy facilities, with business operations dependent upon its contractors and vendors, including American Renewable Technologies, Inc. ("ARTI") and its principal, Mr. Abdul Latif Mahjoob, the engineering contractor and patent holder for the Company's critical machinery, with whom the Company entered into a contract to build out all its essential equipment.

85. Defendant Hansel Bailey was Chairman of Plaintiff and as such had direct involvement and knowledge of the contracts and business relationships between Orion Power and its investors, vendors, contractors, and customers including ARTI, Mr. Mahjoob, and others. Defendant is also aware that the Company derives a direct economic benefit from these contracts and relationships.

86. Defendant has intentionally disrupted and deliberately attempted further to disrupt the Company's relationships with its investors, vendors, contractors, customers, and employees including, but not limited to, the following:

    a. After his removal as Chairman, Manager, and CEO Defendant intentionally interfered with Orion Power's vendors and contractors. Specifically, Defendant sent an associate to Orion Power's construction site in Alton, Illinois, for the purpose of disrupting business operations by advising on-site contractors that Orion Power officers had been terminated and that they should now report to Defendant's associate.

    b. Defendant also directly and intentionally interfered with the Orion Power's key contractor, Mr. Mahjoob and ARTI. Defendant provided written notification to Mr. Mahjoob that the services of Orion Power's officers had been terminated, and instructed Mr. Mahjoob not to engage with Orion Power further. In express reliance upon Defendant's instruction, Mr. Mahjoob directed all ARTI staff to refrain from any communication with Orion Power regarding Orion Power matters.

87. Defendant's conduct, as described herein, is part and parcel of Defendants' wrongful attempts to prevent the Company from continuing to enjoy the benefits of the goodwill

ongoing business relationships it has established with its investors, vendors, contractors, customers, and employees.

88. Defendant knows that his conduct described above has interfered with and will continue to interfere with the Company's relationships with investors, vendors, contractors, customers, and employees., in addition to the detriment already caused, will, if successful, cause the Company to lose the profits and investments it would otherwise derive from such relationships.

89. As a result of Defendant's conduct, Plaintiff's contractor ARTI, and its staff, ceased communications with Orion Power and refused to proceed with business activity unless and until Orion Power's status was clarified and written authorization to resume communications was provided. This led to indefinite and immediate disruption of construction and operation activities critical to Orion Power's business.

90. By reason of the aforementioned intentional interference with the Company's investors, vendors, and contractors, by Defendants, and as a direct and foreseeable consequence thereof, the Company has no adequate remedy at law and will continue to be damaged unless this Court grants a preliminary and permanent injunction enjoining and restraining Defendant from the unlawful interference and attempts to interfere in the Company's business, including Defendant soliciting from the Company its investors, vendors, contractors, customers, and employees in the United States and throughout the Americas.

91. The aforementioned intentional interference with the Company's contracts by Defendants was and continues to be willful, intentional, malicious, and oppressive and constitutes despicable conduct. The conduct of Defendants entitles the Company to an award of punitive damages against Defendants in an amount to be ascertained at the time of trial.

## **PRAYER**

Plaintiffs pray for judgment against Defendants and each of them as follows:

1. For compensatory and special damages according to proof at the time of trial;
2. For general damages according to proof at the time of trial;
3. For restitution damages according to proof at the time of trial;
4. For punitive and exemplary damages where allowed by law;

Mark L. Knutson, Esq. (SBN 131770)
Law Offices of Mark L. Knutson, APC
400 Lantern Crest Way, Unit 326
Santee, CA 92071

5.     For treble damages pursuant to California Penal Code § 496(a) in an amount to be proven at trial;

6.     In accordance with the Orion Power's sixth claim for relief, for a Temporary Restraining Order enjoining and restraining Defendant and his agents, employees and all persons in concert or participation with them from the unlawful solicitation and interference and attempts to interfere in the Company's business and contracts, including Defendant's solicitation of investors, contractors, vendors, employees, and customers of the Company in the United States and throughout the Americas;

7.     In accordance with the Plaintiffs' second claim for relief, constructive fraud, an *Ex Parte* Temporary Restraining Order directed at Chase Bank to freeze Plaintiffs' assets in order to prevent Defendant from continuing to deplete and convert Company funds located in ALM's (formerly Orion Bailey, LLC) bank account at Chase Bank, with an account number ending in 7739.

8.     For attorneys' fees pursuant to the applicable statutes, costs; and

9.     For such other and further relief as the Court may deem just and proper.

Dated: July 30, 2025                Respectfully Submitted,

                                        **Law Offices of Mark L. Knutson, APC**

                                        By:  /s/ Mark Knutson
                                              Mark L. Knutson, Esq. (SBN 131770)
                                              **Law Offices of Mark L. Knutson, APC**
                                              400 Lantern Crest Way, Unit 326
                                              Santee, CA 92071
                                              (619) 733-1014
                                              mlk@knutson-law.com
                                              Attorney for Plaintiffs
                                              ORION POWER HOLDINGS US, LLC
                                              AMERICAN LOGISTIC MANAGEMENT, LLC

## VERIFICATION

I am the Chief Legal Officer of ORION POWER HOLDINGS US, LLC. I have read the foregoing Verified Complaint and Exhibits thereto, and I know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under the penalties of perjury of the State of California and the United States that the foregoing is true and correct. Executed at Carlsbad, California, on July 30, 2025.

By: _____

Kelly Bagla, Esq.

## VERIFICATION

I am the Vice President of Business Operations for ORION POWER HOLDINGS US, LLC and the Managing Member and 50% owner of AMERICAN LOGISTIC MANAGEMENT, LLC (formerly Orion Bailey, LLC). I have read the foregoing Verified Complaint and Exhibits thereto, and I know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under the penalties of perjury of the State of California and the United States that the foregoing is true and correct. Executed at Carlsbad, California, on July 30, 2025.

By: _____

James Hurley

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: July 30, 2025                    Respectfully Submitted,

                                            **Law Offices of Mark L. Knutson, APC**

By:   /s/ Mark Knutson
      Mark L. Knutson, Esq. (SBN 131770)
      **Law Offices of Mark L. Knutson, APC**
      400 Lantern Crest Way, Unit 326
      Santee, CA 92071
      (619) 733-1014
      mlk@knutson-law.com
      Attorney for Plaintiffs
      ORION POWER HOLDINGS US, LLC
      AMERICAN LOGISTIC MANAGEMENT, LLC